PEYTON, Commissioner of Banks of Minnesota, Appellant, v.
NIELSEN, Respondent.

(249 N. W. 688.)

(File No. 7528. Opinion filed July 18, 1933.)

*Robert D. Jones,* of Milbank, and *F. L. & E. V. Cliff,* of Ortonville, Minn., for Appellant.

*Turner & McKenna,* of Sisseton, for Respondent.

PER CURIAM. This proceeding is a sequel to the case of Peyton v. Neilsen, 60 S. D. 351, 244 N. W. 384. The plaintiff was attempting to foreclose a mortgage upon some property belonging to. Nielsen. This property was left in the care of Nielsen, and he was claiming an agister's lien for the care of the property. We held in our former opinion that Nielsen was not entitled to that lien. It now appears that, while that case was pending, the property upon which the plaintiff was seeking to foreclose the mortgage was sold, and the money derived from the sale was delivered to the clerk of courts to be held by the clerk pending the appeal, and thereafter to be made available for the satisfaction of the various conflicting claims of the parties. On the former appeal, while we held that Nielsen was not entitled to a lien against the property, we also held that Nielsen was entitled to a judgment against the plaintiff in the sum of $580 for the care and keep of the property. The trial court, after the former decision was handed down, entered a modified judgment, wherein it was decreed that Nielsen

had no lien upon this property, and it was further decreed that Nielsen was entitled to a judgment against the plaintiff for the sum of $580. The notes secured by the mortgage, which the plaintiff was foreclosing, amounted to $1,467.80 with considerable accrued interest, and the proceeds of the property held by the clerk amounted to only $396.

Nielsen made a motion to have the $396, the proceeds from the sale of the property in the hands of the clerk, applied to his judgment against the plaintiff, and the court granted the motion. This was error. The order granting the motion, in effect, gives Nielsen the lien to which we decided he was not entitled.

The order appealed from is reversed.

All the Judges concur.